LAURA S. FLYNN SBN 148511
FREEMAN, MATHIS & GARY LLP
1010 B Street, Suite 300
San Rafael, CA 94901
Telephone: (415) 627-9000
lflynn@fmglaw.com

Attorneys for Cross-Defendant
E.M. PIZZA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual, | Case No. 2:18-cv-05675-DMG-E |
| Plaintiff, | **CROSS-DEFENDANT E.M. PIZZA, INC.'S ANSWER TO CROSS-CLAIM OF FONECENTRAL, INC.** |
| v. | |
| DOMINO'S PIZZA, a business of unknown form; FONECENTRAL, INC., a California corporation; and DOES 1-10, inclusive; | |
| Defendants. | |
| FONECENTRAL, INC., a California corporation, | |
| Cross-Claimant, | |
| v. | |
| E.M. PIZZA, INC. dba DOMINO'S PIZZA, business form unknown; ROES 1-10. | |
| Cross-Defendant. | |

Cross-Defendant E.M. Pizza, Inc. responds to the Cross-Claim Against E.M. Pizza, Inc. dba Domino's Pizza (hereinafter "Cross-Claim") filed by Cross-Claimant Fonecentral, Inc. as follows:

///

///

Freeman Mathis
& Gary LLP
Attorneys at Law

CROSS-DEFENDANT E.M. PIZZA, INC.'S ANSWER TO CROSS-CLAIM OF FONECENTRAL, INC.

4817012.1  9000000-00776 LSF

## GENERAL ALLEGATIONS

1. In answer to paragraph 1 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2. In answer to paragraph 2 of the Cross-Claim, Cross-Defendant admits it is a California corporation.

3. In answer to paragraph 3 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4. In answer to paragraph 4 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5. In answer to paragraph 5 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

6. In answer to paragraph 6 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7. In answer to paragraph 7 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

8. In answer to paragraph 8 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

9. In answer to paragraph 9 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

///

CROSS-DEFENDANT E.M. PIZZA, INC.'S ANSWER TO CROSS-CLAIM OF FONECENTRAL, INC

Freeman Mathis
& Gary LLP
Attorneys at Law

4817012.1  9000000-00776

1  10.  In answer to paragraph 10 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

11.  In answer to paragraph 11 of the Cross-Claim, Cross-Defendant admits the allegations contained therein.

12.  In answer to paragraph 12 of the Cross-Claim, Cross-Defendant denies the allegations contained therein.

## FIRST COUNT OF CROSS-CLAIM

## EXPRESS INDEMNITY

### (Against All Cross-Defendants and ROES 1 to 100)

13.  In answer to paragraph 13, Cross-Defendant repleads and incorporates by reference, as if fully set forth again herein, the admissions and denials contained in paragraphs 1 through 12 above and incorporates them herein as if separately repled hereafter.

14.  In answer to paragraph 14 of the Cross-Claim, Cross-Defendant denies that any liability as between plaintiffs (sic) and defendants in the Underlying Action is solely and completely the result of the primary and active fault of this answering Cross-Defendant. Cross-Defendant denies that Cross-Claimant is entitled to total indemnity from this answering Cross-Defendant for any judgment, losses, damages, attorney's fees, costs or other amounts paid in full or partial settlement, which arise out of the Underlying Action. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

15.  In answer to paragraph 15 of the Cross-Claim, Cross-Defendant denies it has a duty to indemnify Cross-Claimant for any recovery plaintiff may realize against defendants in the Underlying Suit. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

16.  In answer to paragraph 16 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said

1 paragraph, and on that basis, denies each and every allegation contained therein.

2     17.    In answer to paragraph 17 of the Cross-Claim, Cross-Defendant denies it is required to assume the defense of the action on behalf of Cross-Claimant and denies that it is required to fully indemnify Cross-Claimant. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

## SECOND COUNT OF CROSS-CLAIM

## IMPLIED INDEMNITY

### (Against All Cross-Defendants and ROES 1 to 100)

18.    In answer to paragraph 18 of the Cross-Claim, Cross-Defendant repleads and incorporates by reference, as if fully set forth again herein, the admissions and denials contained in paragraphs 1 through 17 above and incorporates them herein as if separately repled hereafter.

19.    In answer to paragraph 19 of the Cross-Claim, Cross-Defendant denies that any loss, damage or detriment suffered or sustained by plaintiff was directly and proximately caused and/or contributed to by the primary, active, sole, and/or direct responsibility of this answering Cross-Defendant. Cross-Defendant denies Cross-Claimant is entitled to indemnity against this Cross-Defendant for any judgment which may be entered against Cross-Claimant in favor of plaintiff. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

20.    In answer to paragraph 20 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

21.    In answer to paragraph 21 of the Cross-Claim, Cross-Defendant denies it is required to assume the defense of the action on behalf of Cross-Claimant and denies that it is required to fully indemnify Cross-Claimant. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

### THIRD COUNT OF CROSS-CLAIM

### EQUITABLE INDEMNITY

**(Against All Cross-Defendants and ROES 1 to 100)**

22. In answer to paragraph 22 of the Cross-Claim, Cross-Defendant repleads and incorporates by reference, as if fully set forth again herein, the admissions and denials contained in paragraphs 1 through 21 above and incorporates them herein as if separately repled hereafter.

23. In answer to paragraph 23 of the Cross-Claim, Cross-Defendant denies that any liability found as between plaintiffs and defendants in the Underlying Action is solely and completely the result of the primary and/or active fault of this answering Cross-Defendant. Cross-Defendant denies that Cross-Claimant is entitled to total indemnity from this answering Cross-Defendant for any judgment, losses, damages, attorney's fees, costs, or other amounts paid in full or partial settlement which arise out of the Underlying Action. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

24. In answer to paragraph 24 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

25. In answer to paragraph 25 of the Cross-Claim, Cross-Defendant denies it is required to assume the defense of the action on behalf of Cross-Claimant and denies that it is required to fully indemnify Cross-Claimant. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

### FOURTH COUNT OF CROSS-CLAIM

**(Declaratory Relief)**

**(Against All Cross-Defendants and ROES 1 to 100)**

26. In answer to paragraph 26 of the Cross-Claim, Cross-Defendant repleads and incorporates by reference, as if fully set forth again herein, the admissions and denials contained in paragraphs 1 through 25 above and incorporates them herein as if separately repled hereafter.

27. In answer to paragraph 27 of the Cross-Claim, Cross-Defendant admits an actual controversy exists between Cross-Claimant and this answering Cross-Defendant with respect to the obligation of these parties to bear any responsibility with respect to the alleged injuries in the Underlying Action. Cross-Defendant denies that if any party should recover a judgment against Cross-Claimant said judgment will be based on derivative liability of this answering Cross-Defendant. Cross-Defendant denies that if Cross-Claimant pays any money in settlement, said settlement will be based on derivative liability of this answering Cross-Defendant. Cross-Defendant denies that it is solely liable for any damages sought in the Underlying Action. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

28. In answer to paragraph 28 of the Cross-Claim, Cross-Defendant admits it contends it is not obligated to indemnify, contribute or have its liability apportioned with Cross-Claimant. Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

29. In answer to paragraph 29 of the Cross-Claim, Cross-Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

## PRAYER FOR RELIEF

**FIRST COUNT FOR EXPRESS INDEMNITY**

1. In answer to paragraph 1 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to indemnity and/or contribution, or any other relief or damages whatsoever, if a settlement is reached or a judgment/verdict rendered in favor of any party to this action.

2. In answer to paragraph 2 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to attorney's fees or any other relief or damages whatsoever.

3. In answer to paragraph 3 of Cross-Claimant's Prayer, Cross-Defendant denies

1  Cross-Claimant is entitled to costs of suit incurred or any other relief or damages whatsoever.

2      4.    In answer to paragraph 4 of Cross-Claimant's Prayer, Cross-Defendant denies
3  Cross-Claimant is entitled to any other or further relief or any damages whatsoever.

### SECOND COUNT FOR IMPLIED INDEMNITY

    1.    In answering to paragraph 1 of Cross-Claimant's Prayer, Cross-Defendant denies it has liabilities, duties and/or obligations to Cross-Claimant and/or others.

    2.    In answer to paragraph 2 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to costs of suit incurred, or any other relief or damages whatsoever.

    3.    In answer to paragraph 3 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to any other and further relief or any damages whatsoever.

### THIRD COUNT FOR EQUITABLE INDEMNITY

    1.    In answering to paragraph 1 of Cross-Claimant's Prayer, Cross-Defendant denies it has liabilities, duties and/or obligations to Cross-Claimant and/or others.

    2.    In answer to paragraph 2 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to costs of suit incurred or any other relief or damages whatsoever.

    3.    In answer to paragraph 3 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to any other and further relief or any damages whatsoever.

### FOURTH COUNT FOR DECLARATORY RELIEF

    1.    In answering to paragraph 1 of Cross-Claimant's Prayer, Cross-Defendant denies it has liabilities, duties and/or obligations to Cross-Claimant and/or others.

    2.    In answer to paragraph 2 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to costs of suit incurred, or any other relief or damages whatsoever.

    3.    In answer to paragraph 3 of Cross-Claimant's Prayer, Cross-Defendant denies Cross-Claimant is entitled to any other and further relief or any damages whatsoever.

### **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

    1.    The Cross-Claim fails to state facts sufficient to constitute a cause of action against this answering Cross-Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. The Cross-Claim is barred by the applicable statute of limitations, including without limitation, those provided for in California Code of Civil Procedure §§ 335.1, 337, 337.1, 338, 339, 340 and 343, Cal. Bus, & Prof. Code § 17208 and 28 U.S.C. § 1658.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff and Cross-Claimant have failed to mitigate their damages, and to the extent of this failure to mitigate, any damages awarded to plaintiff and/or Cross-Claimant should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

4. The subject facilities have not undergone construction and/or alterations, structural repairs, or additions and therefore are not subject to the disabled access requirements. Assuming arguendo alterations have been made, the accessibility requirements are only applicable to the area of specific alteration, structural repair or addition and not the entire facility. [Health & Safety § 19959].

## FIFTH AFFIRMATIVE DEFENSE

5. Cross-Defendant is entitled to the protections set forth in California Civil Code §§ 55.55 and 55.6.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's and Cross-Claimant's claims are barred pursuant to the principles of res judicata and collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7. Any alleged discrimination was not arbitrary or intentional.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is not a "qualified individual with a disability".

## NINTH AFFIRMATIVE DEFENSE

9. The Cross-Claim and each of its causes of action are barred by the equitable doctrines of unclean hands, estoppel, waiver and laches.

///

## TENTH AFFIRMATIVE DEFENSE

10. Cross-Defendant alleges that the discriminatory conduct was required by law [Civil Code § 51(c)].

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff does not face a real or immediate threat of substantial injury and is therefore not entitled to injunctive relief.

## TWELFTH AFFIRMATIVE DEFENSE

12. The subject facilities were constructed prior to July 1, 1970.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is a vexatious litigant and professional plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff and Cross-Claimant are barred from any recovery herein as to this answering Cross-Defendant in that any damages and/or injuries proven to have been sustained by them would be the direct and proximate result of the independent negligence and/or unlawful conduct of independent third parties, or their agents, or employees and not any act or omission on the part of this answering Cross-Defendant or its agents or employees.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. When viewed in its entirety, the subject property is readily accessible to and usable by individuals with disabilities.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff lacks standing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. This court lacks subject matter jurisdiction over the state law claims. The court should decline to exercise supplemental jurisdiction over the state law claims because the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, and/or exceptional circumstances exist and there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff is barred from recovering attorney's fees pursuant to the catalyst theory of recovery as Cross-Defendant was already taking measures to remedy the sought after relief prior to the filing of the lawsuit.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff has failed to comply with the requirements of California Code of Civil Procedure § § 425.50 and 425.55.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's relief for injunctive relief is moot.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. The removal of architectural barriers is not readily achievable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Cross-Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Cross-Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**PRAYER**

WHEREFORE, Cross-Defendant requests that:

23. Plaintiff take nothing by this action;

24. A judgment of dismissal be entered in favor of Cross-Defendant;

25. Cross-Defendant be awarded attorneys' fees and costs of suit incurred; and

26. Cross-Defendant be awarded any other and further relief the court considers proper.

**REQUEST FOR JURY TRIAL**

Cross-Defendant hereby demands a jury trial.

Dated: August 27, 2018

FREEMAN, MATHIS & GARY, LLP

By: /s/ Laura S. Flynn
LAURA S. FLYNN
Attorney for Cross-Defendant
E.M. PIZZA, INC.

## PROOF OF SERVICE

I declare that I am employed in the County of Marin, State of California. I am over the age of eighteen years at the time of service and not a party to the within case. My employment address is 1010 B Street, Suite 300, San Rafael, CA 94901.

On August 27, 2018, I served copies of the attached document(s) entitled:

**CROSS-DEFENDANT E.M. PIZZA, INC.'S ANSWER TO CROSS-CLAIM OF FONECENTRAL, INC.**

on the interested parties in this action, addressed as follows:

| | |
|---|---|
| Joseph R. Manning, Jr.<br>Michael J. Manning<br>Craig G. Côté<br>Manning Law, APC<br>4667 MacArthur Boulevard Suite 150<br>Newport Beach, CA 92660<br>Ph: 949-200-8755<br>Fax: 866-843-8308<br>Email: ADAPracticeGroup@manninglawoffice.com<br><br>*Attorneys for Plaintiff, Carmen John Perri* | Ricky W Poon<br>Law Offices of Ricky W. Poon<br>2926 West Valley Boulevard<br>Alhambra, CA 91803<br>Ph: 626-282-9797<br>Fax: 626-282-9733<br>Email: poonlawoffice@yahoo.com<br><br>*Attorneys for Fonecentral, Inc.* |

[x] **BY ELECTRONIC MAIL.** I transmitted such document(s) via electronic mail to the electronic mail addresses of the addressees (s).

[x] **STATE.** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 27, 2018, at San Rafael, California

*/s/ Karen Testerman*
Karen Testerman

CROSS-DEFENDANT E.M. PIZZA, INC.'S ANSWER TO CROSS-CLAIM OF FONECENTRAL, INC.

4817012.1 9000000-00776 LSF